■ Kevin A. MacGuire et al., Respondents-Appellants, v Elometa Corporation et al., Appellants-Respondents, and Marine Midland Bank, N. A., Appellant.—Order, Supreme Court, New York County (Peter Tom, J.), entered on or about May 21, 1992, which, *inter alia,* granted in part and denied in part plaintiffs' motion and defendants Elometa's, Olson's and Mensch's cross-motion for partial summary judgment, unanimously modified, on the law, to the extent of granting plaintiffs partial summary judgment on their cause of action against Elometa for payment of additional interest due on certain notes in the sum of $205,760.22, and is otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendants' release of the pledged stock to Elometa before there was proof of full payment of the notes by Elometa and prior notice to the noteholders constituted a conversion by defendants. While defendants urge that there are no damages since they ultimately satisfied all payment obligations which were secured by the stock certificates, nominal damages may be awarded as a result of the conversion and plaintiffs should be given an opportunity to prove at trial any other damages they sustained as a result of the conversion. *(See, Silverstein v Marine Midland Trust Co.,* 1 AD2d 1037.) We also note that any "additional interest" owed is not secured by the stock certificates as the agreements did not so provide.

While the IAS Court granted plaintiffs' motion for partial summary judgment as to the second cause of action against Elometa only to the extent of imposing liability against Elometa for the additional interest owed, since Elometa has admitted its liability for the exact sums due, plaintiffs are entitled to an award of partial summary judgment on this claim for $205,760.22, which represents the sum admitted less the sum already accepted by certain plaintiffs.

Notably, while certain plaintiffs have accepted a tender offer in full satisfaction of the claims and causes of action as against defendants Elometa, Mensch, and Olson, they have not released Marine Midland Bank from such claims. In fact, said plaintiffs have expressly reserved the right to pursue their claims and causes of action against all other defendants.

We have considered all other claims and find them to be of

no merit. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Kassal, JJ.